# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00173-MR
# (CRIMINAL CASE NO. 1:00-cr-00047-MR-WCM-1)

| | |
|---|---|
| CHAD EVERETTE CLINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 10]. The Petitioner is represented by Joshua Carpenter and Caryn Devins Strickland of the Federal Defenders of Western North Carolina.

## I.  BACKGROUND

On July 11, 2000, Petitioner Chad Everett Cline ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00173-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:00-cr-00047-MR-WCM-1.

Act robbery, in violation of 18 U.S.C. § 1951 (Count One); three counts of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (Counts Two, Five, and Ten); three counts of aiding and abetting the use, carrying, and brandishing of a firearm in furtherance of a crime of violence, that is, aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 924(c), 2 (Counts Three, Six, Eleven); four counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts Four, Seven, Twelve, Fifteen); one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Thirteen); and one count of aiding and abetting the use, carrying, and brandishing of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c), 2 (Court Fourteen). [CR Doc. 1: Sealed Indictment].

On August 18, 2000, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One, Two, Three, and Six, and the Government agreed to dismiss all remaining counts in the Bill of Indictment against Petitioner. [CR Doc. 52 at 1: Plea Agreement]. On August 28, 2000, Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 56: Entry and Acceptance of Guilty Plea].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 121: PSR]. The probation officer calculated a Total Offense Level of 25 for Counts One and Two and found Petitioner's criminal history category to be IV, which yielded a range under the Guidelines of 84 to 105 months' imprisonment. [Id. at ¶¶ 53, 67, 82]. Petitioner's statutory term of imprisonment for Count Three was a minimum of seven years to life and the statutory term for Count Six 25 years to life, with both these terms to run consecutively to any other term of imprisonment. 18 U.S.C. 924(c).

Petitioner's sentencing hearing was held on March 1, 2001, before the Honorable Lacy H. Thornburg, United States District Judge.[2] At the hearing, the Court orally granted the Government's Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), requesting a total term of imprisonment of 25 years. [CR Doc. 119]. The Court then sentenced Petitioner to a term of imprisonment of 60 months on each of Counts One and Two, to be served concurrently; a term of 60 months imprisonment on Count Three, to be served consecutively to the term imposed for Counts One and Two; and a term of imprisonment of 180 months on Count Six, to be

---

[2] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

served consecutively to the terms imposed for Counts One, Two, and Three; for a total term of 300 months' imprisonment. [CR Doc. 123 at 2: Judgment]. Judgment on this conviction was entered on March 23, 2001. [Id.]. Petitioner did not directly appeal this Judgment.

On June 17, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. [CV Docs. 4, 5]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Court, in turn, stayed this case pending Davis. [CV Doc. 7]. The Supreme Court decided Davis on June 24, 2019. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 10]. The Petitioner responded to the Government's motion. [CV Doc. 13].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) convictions on Counts Three and Six were imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 1-2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the

ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Petitioner argues his § 924(c) convictions are invalid under Johnson. [CV Doc. 1 at 1-6]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's convictions for aiding and abetting Hobbs Act robbery can qualify as § 924(c) "crimes of violence" only under the force clause. [CV Doc. 1 at 4; CV Doc. 13 at 3-5]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's convictions on Counts Three and Six are only valid if aiding and abetting Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.

Petitioner argues that aiding and abetting Hobbs Act robbery is not a "crime of violence" "because, like conspiracy to commit Hobbs Act robbery, it does not 'invariably require the actual, attempted, or threatened use of force.'" [Doc. 13 at 3-4 (quoting Simms, 914 F.3d at 233-34)]. This argument, however, is legally unsupported.

Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18

U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). In re Colon, 826 F.3d at 1305; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). As such, Petitioner's § 924(c) convictions predicated on aiding and

abetting Hobbs Act robbery are valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's convictions under § 924(c) are valid, the Court will grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

9

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 10] is **GRANTED** and the Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 2, 2020

Martin Reidinger
United States District Judge